NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1349-19T3

TROY HAVILAND,

       Plaintiff-Appellant,

v.

LOURDES MEDICAL CENTER OF
BURLINGTON COUNTY, INC.,[1]

       Defendant-Respondent.

_____

> APPROVED FOR PUBLICATION
> **January 27, 2021**
> APPELLATE DIVISION

Argued November 12, 2020 – Decided January 27, 2021

Before Judges Fuentes, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0782-19.

Michael J. Weiss argued the cause for appellant.

Sharon K. Galpern argued the cause for respondent (Stahl & DeLaurentis, PC, attorneys; Sharon K. Galpern, on the brief).

    The opinion of the court was delivered by

ROSE, J.A.D.

---

[1]  Improperly pled as Lourdes Medical Center at Burlington, Department of Radiology and Imaging and/or Lourdes Health System, j/s/a.

This appeal presents a discrete yet novel issue, requiring us to determine whether an affidavit of merit (AOM) is mandated under the Affidavit of Merit Statute (AMS), N.J.S.A. 2A:53A-26 to -29, when a plaintiff's sole claim against a health care facility, which is defined as a licensed person under the AMS, is vicarious based on the alleged medical negligence of an employee, who is not a licensed person within the meaning of the AMS and as to whom no AOM is required. For the reasons that follow, we hold an AOM is not required in those specific circumstances. We therefore reverse the order under review, and remand for reinstatement of the complaint.

We summarize the facts from the limited record before the motion judge in a light most favorable to the non-moving plaintiff. R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). On April 15, 2019, plaintiff Troy Haviland filed a one-count complaint, alleging he was injured at Lourdes Medical Center of Burlington County, Inc. (Lourdes) the previous year. During a radiological examination of his left shoulder on February 23, 2018, an unidentified technician asked plaintiff to "hold weights contrary to the [ordering physician's] instructions," causing injuries that thereafter required surgical repair of plaintiff's shoulder. Plaintiff's complaint alleged John Doe and Lourdes "fail[ed] to properly perform . . . imaging and otherwise deviated from accepted standards of medical care," thereby

proximately causing plaintiff to suffer serious personal injuries. Plaintiff also claimed Lourdes was vicariously liable for Doe's negligent acts, as its "agent, servant and/or employee."

Lourdes filed its answer on June 10, 2019. The Law Division twice notified plaintiff that an AOM was required by August 9, 2019. See N.J.S.A. 2A:53A-27 (mandating service of an AOM within sixty days of the filing of defendant's answer). Plaintiff neither filed an AOM nor appeared at the initial court-ordered Ferreira[2] conference on August 7, 2019. Thereafter, Lourdes consented to the remaining sixty-day extension for service of the AOM under N.J.S.A. 2A:53A-27 (permitting one additional sixty-day period to provide an AOM for good cause); see also Ferreira, 178 N.J. at 150.

Three days before the October 10, 2019 deadline, the trial court conducted the Ferreira conference, during which plaintiff apparently advised he was proceeding against Lourdes only under a vicarious liability theory and,

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003). In Ferreira, the Court mandated a "'case management conference be held within ninety days of the service of an answer' at which the professional defendant would raise 'any objections to the adequacy of the affidavit' served by the plaintiff . . . [if] deficient, then the plaintiff would 'have to the end of the 120-day time period to conform the affidavit to the statutory requirements.'" Buck v. Henry, 207 N.J. 377, 382 (2011) (quoting Ferreira, 178 N.J. at 154-55).

as such, an AOM was unnecessary.[3]  Notably, a radiology technician is not listed as one of the seventeen "licensed person[s]" defined in section 26 of the AOM statute.  Lourdes, however, meets the definition of "a health care facility" under the AMS, thereby requiring an AOM when a plaintiff alleges the facility committed an "act of medical malpractice or negligence."  N.J.S.A. 2A:53A-26(j).

Lourdes thereafter moved to dismiss plaintiff's complaint with prejudice for his failure to provide an AOM.  During oral argument before the motion judge, who had conducted the Ferreira conference, plaintiff asserted an AOM was not required because he had since abandoned his medical negligence and negligent supervision or hiring claims.  Instead, plaintiff reiterated his theory of liability against Lourdes was limited to its responsibility for the radiology technician's alleged medical negligence under the doctrine of respondeat superior.  Counsel emphasized:  "The only basis for imposing liability" was that Lourdes employed the technician who "erred, hence [Lourdes was] responsible by reason of a theory of vicarious liability, nothing more."  Plaintiff therefore no longer alleged Lourdes directly or indirectly deviated from the professional standard of care.

---

[3]  It is unclear from the record on appeal whether the Ferreira conference was conducted on the record; the parties have not provided a transcript of the conference.

During colloquy, the motion judge noted plaintiff's "logical" argument, but determined an AOM was required from "another radiologist"[4] here, where plaintiff underwent a "medical procedure" at Lourdes. In that regard, the judge distinguished plaintiff's cause of action from a slip and fall accident on the health care facility's premises, which would not trigger application of the AMS. See N.J.S.A. 2A:53A-27. The judge determined she was bound by our decision in Borough of Berlin v. Remington & Vernick Engineers, 337 N.J. Super. 590 (App. Div. 2001). At the conclusion of argument, the judge granted defendant's motion to dismiss the complaint and issued the November 25, 2019 order that accompanied her oral pronouncement. This appeal followed.

On appeal, plaintiff reprises the arguments asserted before the motion judge, claiming our precedent – including Berlin – supports his position that no AOM was required to establish Lourdes's vicarious liability. Based on our de novo review of the legal issue presented on appeal, in view of the motion record and governing legal principles, see Meehan v. Antonellis, 226 N.J. 216,

---

[4] A radiologist is a physician, for whom an AOM is required. See N.J.S.A. 2A:53A-26(f); see generally Galik v. Clara Maass Med. Ctr., 167 N.J. 341 (2001). Defendant did not dispute plaintiff's contention that a radiology technician performed the "radiological examination of [plaintiff's] left shoulder," or that a radiology technician is not a licensed person as defined under N.J.S.A. 2A:53A-26.

230 (2016), we conclude an AOM was not required under the circumstances presented here.

Our Supreme Court has chronicled the history and requirements of the AMS. See, e.g., id. at 220; Ferreira, 178 N.J. at 149; Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 224 (1998). We need not reiterate those details for purposes of our decision; we recognize the AMS statute was "designed to 'strike[] a fair balance between preserving a person's right to sue and controlling nuisance suits.'" Palanque v. Lambert-Woolley, 168 N.J. 398, 404 (2001) (quoting Office of the Governor, News Release 1 (June 29, 1995)). We are likewise mindful that the Legislature intended to ensure "the resources and time of the parties will not be wasted by the continuation of unnecessary litigation," including the "expensive and burdensome discovery process." Knorr v. Smeal, 178 N.J. 169, 176 (2003).

Generally, through enactment of the AMS, "the Legislature established a procedure that required a person alleging that certain designated professionals negligently performed professional services to produce an affidavit from an expert attesting to the merits of the claim." Meehan, 226 N.J. at 230. Relevant here, the AMS requires service of an AOM "[i]n any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation." N.J.S.A. 2A:53A-27.

The term "licensed person" is defined in section 26 of the AMS and is expressly limited to sixteen individual professionals, and "a health care facility." N.J.S.A. 2A:53A-26.

For purposes of this appeal, the parties do not dispute that Doe was a radiology technician at the time he performed plaintiff's radiological examination. It is further undisputed that a radiology technician is a health care professional who does not fall within the definitions of a licensed person under the AMS. See N.J.S.A. 2A:53A-26. Accordingly, the parties agree that an AOM was not required for plaintiff's claims of medical negligence against the radiology technician.[5]

Conversely, Lourdes is a licensed health care facility, within the definition of a licensed person under the AMS. N.J.S.A. 2A:53A-26(j). Plaintiff does not dispute that an AOM was required for his initially-pled direct claims of medical negligence against Lourdes. See N.J.S.A. 2A:53A-27 (requiring the plaintiff in a professional negligence action to "provide each defendant with an affidavit of an appropriate licensed person [opining] there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint,

---

[5] During oral argument before the motion judge, plaintiff's counsel stated he had identified Doe, but plaintiff did not intend to amend his complaint to name the technician at that time. See R. 4:26-4.

fell outside acceptable professional or occupational standards or treatment practices"). Plaintiff maintains, however, that an AOM is not required here, where his claims are purely vicarious against Lourdes.

"Although as a general rule of tort law, liability must be based on personal fault, the doctrine of respondeat superior recognizes a vicarious liability principle pursuant to which a master will be held liable in certain cases for the wrongful acts of his [or her] servants or employees." Carter v. Reynolds, 175 N.J. 402, 408 (2003). Under this doctrine "an employer can be found liable for the negligence of an employee causing injuries to third parties, if, at the time of the occurrence, the employee was acting within the scope of his or her employment." Id. at 408-09. To establish vicarious liability, a plaintiff therefore "must prove (1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of that employment." Id. at 409. Therefore, the employer's standard of care is not directly implicated, but is imputed from that of its employee.

Neither the Supreme Court nor this court has directly considered whether an AOM is required where a plaintiff's sole theory of liability against a licensed entity is vicarious based upon the alleged medical negligence of an unlicensed person. "In the absence of controlling precedent, we conduct our own examination of the [AMS] and of the discrete circumstances before us."

8

Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 416 N.J. Super. 1, 21 (App. Div. 2010). When conducting that analysis, we consider the Legislature's intent. Ibid. And "the best indicator of that intent is the statutory language." Soto v. Scaringelli, 189 N.J. 558, 569 (2007); see also Meehan, 226 N.J. at 232.

Based on our review of the relevant provisions of the AMS, we initially observe the Legislature expressly enumerated nearly twenty professionals, including a health care facility, within the definition of a licensed person as used in the AMS. Radiology technicians were excluded from that definition. "We infer, through well-established law, that the omission was intentional." State v. N.T., 461 N.J. Super. 566, 572 (App. Div. 2019), certif. denied, 241 N.J. 338 (2020) (citing Ryan v. Renny, 203 N.J. 37, 58 (2010)).

Secondly, having abandoned his direct liability claims against Lourdes, plaintiff's remaining claims arose solely from the technician's alleged medical negligence; plaintiff no longer claimed Lourdes deviated from its professional standards. Plaintiff likewise relinquished his negligent supervision and hiring allegations. Under plaintiff's remaining vicarious liability theory, Lourdes only may be held liable for the radiology technician's alleged medical negligence if plaintiff was injured while Doe was "acting within the scope of his . . . employment" with Lourdes. Carter, 175 N.J. at 409.

9

We have repeatedly utilized the principles governing vicarious liability to govern the application of the AOM statute, albeit in different contexts than the circumstances presented here. In <u>Berlin</u>, we considered whether the municipal plaintiff's AOM substantially complied with the AMS where the plaintiff sued the corporate engineering firm for negligence in the plan and design of water wells. 337 N.J. Super. at 592-93. The plaintiff did not sue the hydrogeologist, who performed most of the work. <u>See</u> <u>id.</u> at 593.

Instead, the plaintiff claimed the defendant engineering firm was responsible "under respondeat superior, for its hydrogeologist's negligent siting of the well." <u>Id.</u> at 597. The plaintiff provided an AOM from an expert hydrogeologist, who is not a licensed person under the AMS. <u>Id.</u> at 595. We held the plaintiff properly supplied the defendant engineering firm with an AOM from a hydrogeologist, where only the firm was sued because the "[t]he liability pressed against the engineering firm [wa]s solely vicarious." <u>Id.</u> at 598.

Nine years later, we considered whether an AOM was required where the plaintiff sued only the defendant law firms, based on the "allegedly negligent omissions by a [deceased] patent attorney who had worked, in succession, at the two law firms." <u>Shamrock Lacrosse</u>, 416 N.J. Super. at 4. The plaintiff argued it was not required to provide an AOM because N.J.S.A. 2A:53A-26(c)

10

listed only "an attorney" and not a law firm as a "licensed person" entitled to an AOM. Id. at 16. We rejected that claim, emphasizing "if plaintiff's reading of the statute were accepted, that individualized protection would provide no solace to a law firm that could have vicarious liability for the actions or inactions of the licensed attorneys employed by, or affiliated with, that firm." Id. at 22. We rejected that result because the plaintiff sought "to invoke principles of vicarious liability . . . to make those law firms financially accountable for the harm that" their employees caused. Id. at 23.

More recently, in Hill International, Inc. v. Atlantic City Board of Education, we explained our conclusion in Berlin:

> By the same logic [as our conclusion in Berlin], an AOM from a like-licensed architect would not be necessary to support a plaintiff's claim for damages against an architect or an architecture firm whose employee or agent had acted negligently if the claim were solely based upon a theory of vicarious liability or agency. In that instance, however, the plaintiff would need to obtain an AOM from an expert with the same kind of professional license as the negligent employee or agent if he or she individually was acting within the scope of a profession listed within the categories set forth in N.J.S.A. 2A:53A-26.
>
> [438 N.J. Super. 562, 592-93 (App. Div. 2014) (emphasis added).]

Accordingly, in Hill, we suggested an AOM only was required for vicarious liability and agency theories asserted against a professional entity,

11

where its allegedly negligent professional employee fell within the definition of a licensed person under section 26 of the AMS. Ibid. Two years later, citing our decision in Berlin, we recognized an AOM is "required when the plaintiff's claim of vicarious liability hinges upon allegations of deviation from professional standards of care." McCormick v. State, 446 N.J. Super. 603, 615 (App. Div. 2016).

In McCormick, a prisoner sued the State alleging negligent treatment by the prison's contract medical staff. Id. at 607-08. We upheld the trial court's conclusion that an AOM was required, thereby rejecting plaintiff's contentions that he could avoid the requirement because he only sued the public entity, which was not a "licensed person" under the AMS. Id. at 610. We recognized "[i]f an AOM is called for, a plaintiff may not evade the requirement by suing only a public entity and arguing that the entity is not a licensee listed under section 26." Id. at 614.

We therefore held in McCormick that "an AOM may be required when a tort plaintiff sues a public entity for vicarious liability based on the professional negligence of its staff" in their capacity as licensed persons. Id. at 617. In doing so, we recognized "[t]he State employs or utilizes through contracts a host of licensed professionals[,]" which "include doctors, nurses,

therapists, counselors, engineers, and scores of other licensees encompassed within the broad sweep of [section 26 of] the AOM statute." Id. at 613.

We now hold what we suggested in McCormick. An AOM is not required for a health care facility when the plaintiff's claims in a medical negligence action are limited to vicarious liability for the alleged negligence of its employee, who does not meet the definition of a licensed person under section 26 of the AMS. In reaching our decision, we agree with the motion judge that this approach is logical under the specific circumstances presented here. We express no opinion as to whether plaintiff would need to present expert testimony on radiology standards of care to meet his burden of proof at trial.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION